## STATE v. SCAMMON.

An indictment for obstructing a collector of taxes, in the execution of his warrant in another town, must allege facts, which, under the statute, give a collector authority to execute his warrant beyond the limits of his own town.

INDICTMENT, under the 8th section of chap. 217, of the Revised Statutes, for obstructing Benjamin S. Clifford, collector of taxes for the town of Epping, in the discharge of his duty. The indictment contained three counts, the first two of which were abandoned, and the trial proceeded on the third, which was as follows:

" And the Jurors aforesaid, &c., do further present, that the said Stephen Scammon, on the said 9th day of April, A. D., 1849, at said Stratham, with force and arms did maliciously, knowingly, and wilfully obstruct, oppose, and hinder the said Benjamin S. Clifford, who was then and there collector of taxes for the said town of Epping, &c., and duly qualified to discharge and perform the duties of said office, in the service of a certain warrant for the collection of taxes, theretofore issued and directed to said Clifford, by the selectmen of said town of Epping, and in the due and lawful execution of his office as aforesaid, and other wrongs, the defendant then and there did," &c.

The defendant objected that the indictment was in law insufficient, and would not warrant a judgment thereon, because it contained no allegation showing the authority of Clifford to execute the warrant in Stratham, nor any allegation showing the occasion for executing it out of the town of Epping.

The defendant also took several other exceptions to the indictment, and to the evidence introduced on the part of the prosecution, which, in the view taken of the case by the court, are not necessary to be stated.

A verdict of not guilty was taken by consent, and it was agreed that, if any of the defendant's exceptions would cause the verdict to be set aside, if against him, or would be valid in arrest of judgment, the verdict for the defendant should stand; otherwise, the verdict to be set aside, and the defendant to enter *nolo contendere*.

*Hatch*, Solicitor for the State.

*J. S. Wells*, for the defendant. The indictment is bad on motion to arrest the judgment. Collectors of taxes are town officers, and their general authority is limited to the territory of the town appointing them. But by the 10th section of chap. 45, Revised Statutes, in case of removal of any person named in his list from the town, or of an assessment upon the personal property of non-residents, he may make distress or arrest the body, wherever such property or person may be found.

The indictment alleges the resistance to have been made in Stratham, and Clifford to have been acting under a warrant issued by the selectmen of Epping.

A constable cannot act out of his town precincts ; if he do so, he is a trespasser. 1 Chitty's Crim. Law, 39. And if a warrant is attempted to be executed out of the jurisdiction of the authority issuing it, the killing of the officer is not murder, but only manslaughter. Ibid. 40. Clifford, then, having only a special authority to act out of his town, the indictment should allege fact sufficient to show him rightfully in Stratham. All the facts and circumstances constituting the offence, must be specifically set forth. The offence must appear on the face of the indictment, to be a distinct substantive offence. Archbold, 41. And they must be stated with certainty and precision. Ibid. 42. Whether Clifford had authority to serve a tax warrant of Epping, in the town of Stratham, is a question of law ; and the fact upon which he relied as giving such authority, should be alleged in the indictment. A similar point was made and sustained in *The King* v. *Everett*, 8 Barn. & Cress. 114. In an indictment against a person for not serving in the office of constable, the mode of election must be set out, to show that he was legally chosen. *Rex* v. *Harpur*, 5 Mod. 96 ; Archbold, 43. The same principle requires that, in an indictment for resistance in the execution of a warrant, the authority to execute should be set out. An indictment for extortion must show what fee was due, or that nothing was payable, as well as the fee exacted. *Rex* v. *Locke*, 3 Leon. 268.

State *v.* Scammon.

PERLEY, J. By section 10, chap. 45, of the Revised Statutes, it is provided that "in case of removal from town, or of an assessment upon the personal property of non-residents, the collector may distrain the property, or arrest the body of any person named in his list, wherever such person or his property may be found."

The general authority of the collector is confined to the limits of his own town, and if he undertake to execute his warrant beyond, he must bring himself within one of these two cases defined in the statute. He must show, either that he was executing his warrant against a person whose name is on his list and who has removed from his town since the assessment of the tax, or against a non-resident, whose personal property is taxed in his list.

The indictment alleges that Clifford was collector of taxes for Epping, and was obstructed in the town of Stratham "in the service of a certain warrant for the collection of taxes, theretofore issued and directed to the said Clifford, by the selectmen of the said town of Epping."

The indictment therefore shows that Clifford had his authority as collector, from the selectmen of Epping, and that he was attempting to execute his warrant in Stratham. But the indictment has no allegation of any fact, showing his authority under the statute, to serve his warrant in Stratham.

The general allegation that he was in the due and lawful execution of his office, is not in this case sufficient. The indictment should state the facts, which would give him authority to act beyond the limits of his own town. The authorities cited by the defendant's counsel, established the principle which governs this question—and *The King* v. *Osman*, 5 East, 304, is very strongly in point. In that case it was held, that where a defendant is indicted for assaulting the officer of a local court, in the execution of a warrant, the indictment must state the facts which show the officer's authority, and that it is not sufficient to allege that he was "within the jurisdiction of the court" and "in the due execution of his office. The objection in that case was held fatal on motion to arrest the judgment.

This indictment therefore fails to show that the defendant has been guilty of any offence, and is bad on motion in arrest of the judgment. According to the agreement stated in the case there must be

*Judgment on the verdict.*